UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LC BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-2145-CDP |
| | ) | |
| ROBERT A. McDONALD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff LC Black for the appointment of counsel. (Docket No. 3). The motion will be denied without prejudice.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 732 F.3d 940, 942 (8th Cir. 2013); *see* 28 U.S.C. § 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court may appoint counsel.") (emphasis added).

Once the plaintiff alleges a *prima facie* claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005) (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the

indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper County Jail*, 437 F.3d 791, 94 (citing *Edgington*, 52 F.3d at 780).

In some instances, a court may deny a motion for appointment of counsel without prejudice because it believes the record is insufficient to determine, one way or the other, whether it would be appropriate to appoint counsel when the above factors are considered. *See Id.* For example, discovery may not have begun or may have just begun at the time of the request for appointment of counsel, so there is no conflicting testimony. There may be no indication in the record that the plaintiff is unable to investigate or present his case where he correctly identifies the applicable legal standard governing his claims. Finally, the Court may consider whether the plaintiff's claims involve information that is readily available to him. *Phillips*, 437 F.3d at 794.

At this stage of the case at bar, the request for counsel is somewhat premature because the defendant has not yet been served and no case management order has been entered. In addition, the record does not indicate that the appointment of counsel would benefit plaintiff and the Court. This action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claims. He has filed an articulate and readily understood complaint that indicates he is capable of clear expression and appropriate organization of content, and his claims appear to involve information that is readily available to him. However, the Court recognizes that circumstances may change as discovery takes place, and will therefore deny the instant motion without prejudice. Plaintiff may re-file such motion if it becomes appropriate to do so at a later time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for the appointment of counsel (Docket No. 3) is **DENIED** without prejudice.

Dated this 23rd day of January, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE