UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LC BLACK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:16 CV 2145 CDP |
| DAVID J. SHULKIN, Secretary, United States Department of Veterans Affairs,[1] | ) | |
| Defendant. | ) | |

| LC BLACK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:17 CV 994 SPM |
| DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff LC Black was terminated from his employment at the Veterans Affairs Medical Center on September 20, 2014. He brings separate cases against

---

[1] On February 13, 2017, David J. Shulkin became the Secretary of the Department of Veterans Affairs. Under Fed. R. Civ. P. 25(d), Shulkin is automatically substituted for former Secretary Robert A. McDonald as defendant in this action.

the Medical Center alleging different forms of discrimination in his termination. In the case pending before me, Case No. 4:16CV2145 CDP, Black claims his termination was in retaliation for complaints of discrimination made to the Equal Employment Opportunity Commission. He also claims that he was unlawfully terminated because of his of race, color, gender, and age. In an earlier suit filed in the Court of Federal Claims and later transferred to this district, Case No. 4:17CV994 SPM, Black claims that his termination was in retaliation for claims he filed with the EEOC complaining of race and age discrimination and of a hostile work environment.[2] Defendant now moves to consolidate these two actions. I will grant the motion.

Rule 42(a) provides that a court may consolidate actions involving common questions of law or fact. Fed. R. Civ. P. 42(a)(2). The district court has discretion in ruling on a motion to consolidate. *Environmental Protection Agency v. City of Green Forest, Ark.*, 921 F.2d 1394, 1402 (8th Cir. 1990). Both of Black's complaints challenge his termination from the Medical Center on September 20, 2014, and claim that unlawful discrimination was the basis for his termination. Both complaints likewise claim that the Medical Center retaliated against him for complaining of discrimination. Given that both of Black's complaints arise out of

---

[2] Before transferring the case to this district, the Court of Federal Claims dismissed Black's tort claims and any claims for independent relief under the Civil Rights Act of 1964 or under the Age Discrimination in Employment Act for want of that court's jurisdiction.

the same facts and involve the same law, consolidation is warranted.  Therefore, I will direct that the case presently docketed at Case No. 4:17CV994 SPM be administratively closed and that all further filings be made in Case No. 4:16CV2145 CDP.  Defendant shall answer or otherwise respond to Black's complaints no later than April 28, 2017.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion to Consolidate [8] is **GRANTED** and cases 4:16CV2145 CDP and 4:17CV994 SPM are consolidated for all purposes.  **All further filings shall be filed in Case No. 4:16CV2145 CDP only.**  The Clerk is ordered to administratively close Case No. 4:17CV994 SPM.

**IT IS FURTHER ORDERED** that no later than **April 28, 2017,** defendant shall answer or otherwise respond to plaintiff's complaints.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of April, 2017.