# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LC BLACK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID J. SHULKIN, Secretary, )<br>United States Department of )<br>Veterans Affairs, )<br>)<br>Defendant. ) | Case No. 4:16 CV 2145 CDP |

## MEMORANDUM AND ORDER

I recently consolidated this case with Case No. 4:17CV994, which was a case transferred to this district from the Federal Court of Claims. Plaintiff LC Black filed both actions, claiming that his termination from the Veterans Affairs Medical Center was because of unlawful discrimination and in retaliation for his complaints of such discrimination. Defendant now seeks to strike the complaint that Black filed in the Court of Claims, arguing that the claims are duplicative of those filed in this case and, further, that striking the complaint would streamline the action and clear up any confusion regarding the pleadings. Black opposes the motion. I will deny the motion.

These actions arise out of the same facts and raise the same claims. On defendant's motion and without objection from Black, I consolidated the cases,

merging them into one action.  They no longer separately exist or retain their individual nature.  *See Tri-State Hotels, Inc. v. F.D.I.C.*, 79 F.3d 707, 711 (8th Cir. 1996).  *See also* Wright & Miller, *Federal Practice & Procedure*: Civil 3d § 2382 at 9 (2008).  Pending before the Court, therefore, are Black's singular claims of race, age, color, and gender discrimination and his claim of retaliation, based on the facts alleged in his complaints.  While both complaints allege the same general facts, the transferred complaint provides factual details in addition to those alleged in the complaint filed this case.  Striking the transferred complaint would effectively remove these additional factual allegations from the case.

Black is proceeding in this matter *pro se*, and the case is still in its preliminary stage.  Given the risk of eliminating factual allegations from Black's claims, I will not strike the transferred complaint as requested by the defendant. I will not require the defendant to separately answer that complaint at this time, however, since he already answered Black's claims in this case – 4:16CV2145 – before consolidation.  To the extent the filing of an amended complaint may be warranted in this consolidated action, or defendant may wish to answer the additional factual allegations contained in the transferred complaint, those issues may be addressed at a Rule 16 conference, which will be set by separate Order.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Strike Plaintiff's Transferred Complaint [12] is **DENIED**.

The case will be set for a Rule 16 scheduling conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of May, 2017.