UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LC BLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16 CV 2145 CDP |
| | ) |
| DAVID J. SHULKIN, Secretary, | ) |
| United States Department of | ) |
| Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff LC Black moves to join his former coworker, Kenneth D. VanBuren, as an additional defendant in this employment discrimination case against his former employer, the Department of Veterans Affairs (VA). The VA opposes the motion but also construes it as a motion to consolidate this case with a separate cause of action pending against VanBuren,[1] which it likewise opposes. I will deny Black's motion for joinder. To the extent Black seeks consolidation, this request will likewise be denied. Black's renewed motion for the appointment of counsel will be denied without prejudice.

## **Background**

The VA terminated Black's employment at the Veterans Affairs Medical

---

[1] *Black v. VanBuren*, Case No. 4:17CV1376 HEA.

Center on September 20, 2014. Black brings this action against the VA alleging different forms of discrimination in his termination, and specifically, that he was terminated because of his race, color, gender, and age, and in retaliation for earlier complaints of discrimination made to the Equal Employment Opportunity Commission.[2] In a separate case now pending in this district, Black brings tort claims of libel against Kenneth D. VanBuren, his former coworker at the VA, claiming that VanBuren's libelous statements led to his termination. Black now moves to join VanBuren as a defendant in this action under either Rule 19 or Rule 20 of the Federal Rules of Civil Procedure, claiming that VanBuren's conduct was part of the VA's conspiracy to retaliate against him. As the VA, I also construe the motion as one seeking to consolidate the two actions.

## Discussion

Rule 19 requires joinder of a party if "in that person's absence, the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1). In the action pending before me, Black brings only claims of employment discrimination and alleges discreet acts giving rise to his claims. Although VanBuren is alleged to have engaged in some of these acts, his presence as a party is not required for Black to obtain complete relief on his claims in this case.

---

[2] Black originally raised these claims of discrimination two separate cases. I consolidated the two cases in April 2017. Accordingly, all of Black's claims of employment discrimination are before me in this one action.

Because Black may obtain complete relief on his discrimination claims from the existing defendant, that is, the alleged offending employer, he will not be deprived of any relief if a coworker who engaged in some of the alleged offending conduct is not joined in the action. I will therefore deny Black's motion to join VanBuren as a defendant under Rule 19.

Rule 20 permits joinder of defendants in one action if: 1) a right to relief is asserted against each defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and 2) there exists some question of law or fact common to all the parties in the action. Fed. R. Civ. P. 20(a)(2); *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974); *Smith v. Planned Parenthood of St. Louis Region,* 225 F.R.D. 233, 243 (E.D. Mo. 2004). Although joinder under Rule 20 is encouraged because it promotes trial convenience and expedites the final determination of disputes, thereby preventing multiple lawsuits, it is not applicable in all cases. *Mosley*, 497 F.2d at 1332. Whether to permit joinder under Rule 20 is discretionary.

As stated in his complaints and at the scheduling conference held earlier in this action, Black alleges the following: In February 2014, the VA failed to act when Black reported that a coworker broke his finger. In April 2014, the VA again failed to act when Black reported that a volunteer employee attacked him and used a racial slur against him. Believing that he had been subjected to discrimination

and harassment, Black contacted an EEO counselor in May 2014. Mediation on Black's claim of discrimination was held on July 24, 2014, and an agreement was signed that same date.

On July 30, 2014, VanBuren reported to the VA that Black threatened him with a box cutter. The VA placed Black on administrative leave that same date. The VA filed a claim with the Office of Inspector General and sought charges against Black for unlawful use of a weapon and conduct unbecoming a federal employee. The OIG rejected both charges. The VA then asked St. Louis County officials to prosecute. Criminal charges were filed, and Black was arrested at work in August 2014. The charges were later dismissed in August 2015.

In the meanwhile, the VA terminated Black's employment on September 30, 2014. Black sought administrative relief on his claims of discrimination through the Merit Systems Protection Board and the EEOC, and received final adverse decisions in September 2016 and November 2016, respectively. The employment discrimination cases now before me were filed in October 2016 and December 2016. Black proceeds in this case *pro se.*

In the separate tort action against VanBuren, Black bases his claims of libel on 1) VanBuren's filing of the alleged false report described above, which caused Black to lose his job at the VA; and 2) VanBuren's filing of an alleged false police

report in January 2015 claiming that Black was stalking him.[3]  Black proceeds in that case *pro se*.

In these cases and in his motion for joinder, Black contends that VanBuren purposefully filed the false police report to influence the VA's decision to terminate Black's employment, and that VanBuren acted within the scope of his employment when he did so.  Black contends in his motion for joinder that VanBuren's conduct was part of the VA's conspiracy to retaliate against him.

VanBuren's alleged conduct is relevant to Black's claims of employment discrimination, and the parties will be permitted to admit evidence of this conduct at trial of the employment claims.  Indeed, VA counsel stated at the scheduling conference that the VA would call VanBuren to testify at trial and that Black could depose VanBuren if he so chose.  Black is precluded, however, from recovering against VanBuren – a non-supervisory coworker – on his employment discrimination claims.  *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006); *Thompson v. Curators of Univ. of Mo.*, No. 4:09CV2083 FRB, 2010 WL 682030, at *1 (E.D. Mo. Feb. 23, 2010).  To join VanBuren as a defendant in this action would therefore serve no purpose given that Black could not recover against him on these claims.

---

[3] Black originally filed the tort action against VanBuren in a Missouri state court.  The United States removed the case to federal court under 28 U.S.C. § 1442(a)(1) because of Black's claim that VanBuren's alleged tortious conduct was causally related to VanBuren's employment position at the VA.

Nor is consolidation of this action with the tort action appropriate in the circumstances of the case. Rule 42(a) permits the consolidation of actions involving a common question of law or fact. There are no common questions of law between the two cases: this case involves only claims of employment discrimination; the case before Judge Autrey involves only state tort law claims of libel. While one of the factual allegations against VanBuren in the tort case is included among the several discrete acts of alleged discrimination in this case, this one common fact between the cases does not justify consolidation of these otherwise wholly separate actions. Therefore, to the extent Black's motion for joinder seeks to consolidate the two separate cases, I will deny the request.

Finally, for the reasons stated in earlier Orders, I will deny Black's renewed request for the appointment of counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff LC Black's Motion Under Rule 19 and Rule 20 to Add Kenneth D. VanBuren as a Party [25] is **DENIED.**

**IT IS FURTHER ORDERED** that LC Black's Motion to Appoint Counsel [28] is **DENIED without prejudice.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2017.